IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARY SAWYERS et al. ) | |
| ) | Case No. 3:20-cv-0393 |
| v. ) | Chief Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| ATLAS LOGISTICS, INC. et al. ) | |

## MEMORANDUM OPINION AND ORDER

On October 9, 2020, a motion to intervene was filed by Marylin Hosendove (in her individual capacity and as the identified executrix of the probate estate of Christopher Mayes[1]), Curtis Hosendove, Jr., and Reginald F. Mayes (individually by name or collectively the "movants" or the "intervenors"). (Docket No. 22.) Plaintiff Mary Sawyers ("Sawyers") filed a response in opposition on October 23, 2020. (Docket No. 23.)[2] Movants filed a reply on October 28, 2020. (Docket No. 25.) On October 29, 2020, the Court entered an order granting the movants' motion to intervene. (Docket No. 27.) The Court's ruling is further explicated as follows.

---

[1] It is not clear whether Marylin Hosendove holds this position by court appointment through a probated will or as a result of some other proceeding. Further, she is alternately referred to in the movants' papers as "the administratrix" and "the executrix" of the estate. If there is a legal distinction between the two fiduciary positions under applicable state law, no party informed the Court. For simplicity, the Court will use the term "executrix" to refer to Marylin Hosendove in her official capacity. Additionally, the intervening complaint refers to the estate of "Curtis Morris Mayes." (Docket No. 29 at ¶ 1.) The Court supposes this is a clerical or scrivener's error and the proper reference is to the estate of "Christopher Morris Mayes." Because Marylin Hosendove's position as an executrix does not change the outcome in this case, the Court finds this error is of minimal impact. Nevertheless, the plaintiffs must correctly and thoroughly identify Marylin Hosendove's official capacity in the fourth amended complaint they have been ordered to prepare and file. (*See* Order at Docket No. 27.)

[2] The motion states that Defendant Atlas Logistics has no opposition, based on discussion between counsel (Docket No. 22 at 3), which is further evidenced by Atlas Logistics' not having filed a response to the motion under Local Rule 7.01.

## I. BACKGROUND

Familiarity with this case is presumed and only those facts or circumstances necessary for context to the Court's ruling are recited. The underlying facts of this specific contest are generally not disputed. Sawyers originally brought a wrongful death action against Atlas Logistics in the Circuit Court for Davidson County, Tennessee on March 13, 2020 for the death of Christopher Mayes that occurred on November 5, 2019. (Docket No. 1-1.)[3] By notice of removal on May 6, 2020, the action was removed to this Court by defendant Atlas Logistics under 28 U.S.C. § 1441 (a) and (b) and the Court's diversity jurisdiction. (Docket No. 1.)

An initial case management order setting up a case management schedule was entered on July 1, 2020. (Docket No. 13.) An order setting the case for a bench trial on March 15, 2022 was entered on July 2, 2020. (Docket No. 14.) A second amended complaint was filed on October 29, 2020 (Docket No. 28) adding additional defendants identified in discovery, upon Sawyers' motion for leave filed on October 8. (Docket No. 21.)

The original plaintiff Sawyers, and movants Marylin Hosendove, Curtis Hosendove, Jr. and Reginald Mayes, are siblings of the decedent Christopher Mayes.[4] The movants seek to

---

[3] Sawyers also filed a first amended complaint in state court. (Docket No. 1-2.)

[4] None of the motion, the supporting memorandum, or the response in opposition clarifies the relationship of Curtis Hosendove, Jr. to the decedent. Confusingly, the memorandum of law in support of the motion to intervene refers to movants as the brother – singular – and sister of the decedent. (Docket No. 2-1 at 1.) This singular reference to "brother" at least suggests that Curtis Hosendove might not be a biological sibling of the decedent. Elsewhere, the memorandum refers only to Marylin Hosendove and Reginald Mayes as the decedent's next of kin. (Docket No. 22-1 at 6.) However, the intervening complaint states that Curtis Hosendove is the brother of the decedent. (Docket No. 29 at ¶ 2.) Sawyers' response in opposition to the motion to intervene refers only to Marylin Hosendove and Reginald Mayes as movants (Docket No. 23 at 1) and does not contest that they are siblings of the decedent. But the response neither mentions Curtis Hosendove nor contests that he is the brother of the decedent. In the absence of any other evidence to the contrary, the Court will accept the statement in the intervening complaint of the kinship between Curtis Hosendove and the decedent. If, however, Curtis Hosendove is not, in fact, a biological

2

intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure[5] or, alternatively, by permission under Rule 24(b)(1)(B). Sawyers opposes the requested intervention.

## II. LEGAL STANDARDS AND ANALYSIS

As an initial matter, the Court notes that the plain language of 28 U.S.C. § 636(b)(1)(A) does not include motions to intervene as dispositive motions that would require the issuance of a report and recommendation. Some courts, including this one, have treated the denial of motions to intervene as being functionally equivalent to a dispositive motion, *see, e.g., Meeks v. Schofield*, No. 3:12-CV-545, 2013 WL 1826438, at *2 (M.D. Tenn. Apr. 30, 2013); *Washington Mut. Bank v. Chiapetta*, No. 1:07-CV-00683, 2011 WL 1743389, at *1 (N.D. Ohio May 6, 2011), based on the reasoning that the denial to intervene is dispositive for the party seeking to intervene. Other courts have, however, treated motions to intervene as non-dispositive, even when intervention is denied. *See United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267-69, n.1 (E.D. Mich. 1997); *Oakland Cty. v. Fed. Nat. Mortg. Ass'n*, 276 F.R.D. 491, 493, n.1 (E.D. Mich. 2011); *In re Wholesale Grocery Prod. Antitrust Litig.*, No. 09-MD-2090 ADM/TNL, 2015 WL 4992363, at *8 (D. Minn. Aug. 20, 2015); *State Farm Mut. Auto. Ins. Co. ex rel. Holley v. United States*, No. CIV.A. 02-1799, 2003 WL 1873089, at *2 (E.D. La. Apr. 10, 2003). Because the motion to intervene is granted, and therefore not dispositive of any party's rights, the Court has considered the motion to intervene as a non-dispositive motion under 28 U.S.C. § 636(b)(1)(A).[6]

---

sibling of the decedent, he is not permitted to intervene and shall not be added to the fourth amended complaint that the parties are ordered to prepare and file. *See* Order at Docket No. 27.

[5] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

[6] However, should the motion be considered to be the functional equivalent of the motions specifically enumerated in 28 U.S.C. § 636(b)(1)(A), *see Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993); *Bennett v. General*

3

### A. Intervention of Right

In the Sixth Circuit, "to intervene as of right under Rule 24(a)(2), a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (citing *Grutter v. Bollinger,* 188 F.3d 394, 397–98 (6th Cir. 1999)). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989). Upon consideration of the required elements, the Court finds that the movants have a right to intervene in this action.

#### 1. Timeliness

Sawyers does not dispute that the motion to intervene is timely. *See* Response, Docket No. 23 at 2. This first required element is therefore met.

#### 2. Substantial Legal Interest

The Sixth Circuit has adopted an expansive notion of the interest sufficient to invoke intervention of right. *See e.g. Purnell v. City of Akron*, 925 F.2d 941, 947-48 (6th Cir. 1991) (describing the liberality of construction of the terms "substantial" and "interest," including that a specific legal or equitable interest is not required nor is standing necessary to initiate a lawsuit); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("interest" is liberally construed citing *Hatton v. County Bd. of Educ. of Maury County, Tenn.*, 422 F.2d 457, 461 (6th Cir. 1970)). *See*

---

*Caster Serv. of N. Gordon Co.*, 976 F.2d 995 (6th Cir. 1992), this memorandum and order may be deemed to be a report and recommendation for which the standard of review is de novo.

4

*also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (acknowledging expansive construction of substantial legal interest requirement for intervention of right). Further, the rules governing intervention are to be broadly construed in favor of the proposed intervenors. *Id*. at 1246 (quoting *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995)). At a minimum, the interest must be one that is "significantly protectable." *Grubbs*, 870 F.2d at 346.

Given this liberal and expansive construction of "substantial legal interest," the Court finds Sawyers' arguments unavailing. Without addressing the distinction in every case relied upon by Sawyers, the Court is satisfied that none of them compels any different outcome.[7] Fatal to Sawyers' position is the undisputed fact that the movants hold legal interests in this wrongful death claim that are identical to that held by Sawyers.[8]

Sawyers does not dispute – nor could she – that, as other siblings of the decedent, the movants are also beneficiaries of the claim arising from the decedent's allegedly wrongful death. The Tennessee Court of Appeals has cogently explained the structure and application of the wrongful death statute:

> Wrongful death actions are governed purely by statute in Tennessee. At common law, there was no action that survivors could bring for the wrongful death of a

---

[7] Additionally, many of the cases relied upon by Sawyers, for this and other of her arguments, have no precedential value. And, several of the pinpoint citations are incorrect or incomplete.

[8] To be clear, under Tennessee law, the administrator of a probate estate holds only a derivative and not a direct interest in the recovery for a wrongful death claim. *See Martin v. Corr. Corp. of Am.*, 231 F.R.D. 532, 536-37 (W.D. Tenn. 2005) (citations omitted). The interest held by Marylin Hosendove as executor of the decedent's estate is not therefore on par with that of the siblings. That distinction makes no difference here, however, because Marylin Hosendove also seeks to intervene in her individual capacity as the sister of the decedent, an interest that she holds directly. Further, satisfaction of this element is not based on any automatic right of intervention asserted by Marylin Hosendove as executrix of the decedent's probate estate. That she holds that position is merely a circumstance to be considered.

5

relative. *Foster v. Jeffers*, 813 S.W.2d 449, 452 (Tenn. Ct. App. 1991). As a result, it was more economically prudent in some cases to kill a person than to merely inflict a nonfatal injury. *Id.* To negate that moral dilemma, legislatures enacted wrongful death statutes aimed at keeping a decedent's cause of action from dying with the decedent. *Id.* Tennessee's wrongful death statute provides:

> The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin[.]

Tenn. Code Ann. § 20–5–106(a). Notably, the statute does not create any right of action existing independently of that which the decedent would have had, if he or she had survived. *Kline v. Eyrich*, 69 S.W.3d 197, 206–07 (Tenn. 2002). Although the living beneficiaries of the action may seek limited recovery for their own losses in addition to those of the decedent, the right of action itself remains one that is single, entire, and indivisible. *Id.* at 206 (citing *Hill v. Germantown*, 31 S.W.3d 234, 239 (Tenn. 2000); *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 598 (Tenn. 1999)).

Because multiple actions may not be brought to resolve a single wrongful death claim, the wrongful death statutes carefully prescribe the priority of those who may assert the action on behalf of the decedent and his or her other beneficiaries:

> The [wrongful death] action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin[.]

Tenn. Code Ann. § 20–5–107(a). The statutes governing intestate succession govern priorities among next of kin. *See House v. Gibson*, 827 S.W.2d 310, 311 (Tenn. Ct. App. 1991).

Thus, the superior right to bring a wrongful death action falls first to a surviving spouse, then to any children, then to a parent, then to a sibling, then to a grandparent. *See* Tenn. Code Ann. § 31–2–104. An inferior beneficiary may not sue until those persons with a superior right waive their right of action. *Koontz v. Fleming*, 62 S.W.2d 821, 824 (Tenn. Ct. App. 1933). Notably, however, an adult beneficiary may waive his or her superior right to maintain a wrongful death action by permitting an inferior beneficiary's action to stand without objection. *Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn. 1984) (citing *Koontz*, 62 S.W.2d at 824).

[…]

6

> A beneficiary may impliedly waive his or her superior right to file a wrongful death action by permitting the plaintiff's action to stand without objection. *See Busby*, 686 S.W.2d at 62. … Furthermore, the statute prescribing the priority of those who may assert a wrongful death action is intended to protect defendants from the expense of defending multiple lawsuits arising from a single injury to a single individual, not to allow defendants to escape liability for a wrongful act. To conclude otherwise would resurrect the very moral dilemma that the wrongful death statutes were enacted to resolve.

*Haynes v. Wayne Cty.*, No. M201601252COAR3CV, 2017 WL 1421220, at *4-5 (Tenn. Ct. App. Apr. 19, 2017).

Here, there is no dispute that Christopher Mayes died without any surviving spouse, children, or parents. There can be no question that all the siblings of Christopher Mayes therefore stand in equal beneficiary positions holding the same legal, protectable interest under the Tennessee wrongful death statute. Sawyers' contention that her siblings are unnamed, passive beneficiaries who must concede control of this litigation to her is without merit.

The *Kline v. Eyrich* case upon which Sawyers relies has no application here. 69 S.W.3d 197 (Tenn. 2002). In that case, the contest over who controlled the wrongful death action was between surviving children and a surviving spouse. Under the plain language of the statute, the surviving spouse has the "prior and superior right" to maintain a wrongful death action. *Id*. at 207. That is not the circumstance in this case. The movants are equal beneficiaries with Sawyers. They are not "passive beneficiaries" for purposes of participating in this lawsuit. Sawyers is able to make this "passive beneficiaries" argument – unmeritorious as it is – only because she proceeded to file a wrongful death lawsuit without them, not because their interests are inferior to hers. The movants have demonstrated that they have a substantial legal interest in this litigation.

### 3. Impairment

"To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (citation omitted). The Court finds that the movants have demonstrated that their legal interests may be impaired without intervention.

Although no party explained in any detail the circumstances by which the movants became aware that Sawyers had filed this lawsuit, it appears she did so without any advance notification to them. That likelihood and the ferocity with which Sawyers has opposed her siblings' intervention in this litigation causes the Court considerable concern that she can, as she suggests, act in her siblings' best interests as the sole plaintiff.

More importantly, although only one cause of action for wrongful death may be maintained – that is, the claim is indivisible – each statutory beneficiary asserts the wrongful death claim on their own behalf. *O'Dneal v. Baptist Mem'l Hosp.-Tipton*, 556 S.W.3d 759, 771 (Tenn. Ct. App. 2018), appeal denied (July 19, 2018) (quoting *Beard v. Branson*, 528 S.W.3d 487, 505 (Tenn. 2017)).[9] And, each statutory beneficiary "may recover damages *for their losses* suffered as a result of the death as well as damages sustained by the deceased from the time of injury to the time of death." *Beard*, 528 S.W.3d at 498 (citation omitted) (emphasis in original). Allowing Sawyers to control this litigation, and therefore effectively force the other movants to defer to her, when she enjoys no priority in beneficiary status over the movants, would undermine the purposes of the

---

[9] The Court disagrees with the movants that they are able file a separate wrongful death action, either collectively or individually. If they did file a separate lawsuit or lawsuits, the Court suspects that Sawyers would move to dismiss those actions on the bases of her arguments asserted in connection with this contested matter and maybe others. The inability of the movants to bring separate actions in which to assert their interests on their own behalf further bolsters the determination that they are entitled to intervention of right.

8

wrongful death statute and therefore impair the interests of the movants. The Court finds that the movants have met their minimal burden of showing that their interests could be impaired without intervention.

### 4. Inadequate Representation

The burden of proof of inadequate representation required of would-be intervenors is "minimal because it is sufficient that the movants prove that representation may be inadequate." *Linton by Arnold v. Comm. of Health and Env., State of Tenn.*, 973 F.2d 1311, 1319 (6th Cir. 1992) (citing *Trbovich v. UMWA*, 404 U.S. 528 (1972)). In other words, "[t]he proposed intervenors are not required to show that the representation will in fact be inadequate. Instead, it may be enough to show that the existing party who purports to seek the same outcome will not make the prospective intervenor's arguments." *Briley*, 2007 WL 1345386, at *6 (internal punctuation and quotations omitted).

This factor blends into the consideration of impairment of the movants' interest. Again, the Court disagrees with Sawyers' characterization of the movants as passive beneficiaries – which presumably means she considers herself the priority beneficiary – simply because she brought this lawsuit first without notifying them. That is an incorrect statement of the law. Under Tennessee law, all the siblings are equally situated as next of kin. Sawyers has no prior right to sue and no right to control this litigation. The Court finds there is a reasonable likelihood that Sawyers will not make the movants' arguments or act in their best interests, particularly given the entirety of the circumstances.

Additionally, Sawyers can only proceed as a sole plaintiff in a representative capacity on behalf of her siblings. Tennessee law is clear that, in that capacity, Sawyers has no authority or ability to bind the movants to any settlement or other disposition, including because she enjoys no

9

superior right to the movants. *See, e.g., O'Neal v. Southern Ry. Co.*, 403 F. Supp. 1115, 1116-17 (E.D. Tenn. 1975) (because parents of decedent were entitled to recovery in wrongful death action and entitled to maintain the action in their own names, under Tennessee law, the administrator of decedent's estate could not bind either parent without their consent, express or implied); *Whitley v. Georgia Western & Watkins*, 299 F. Supp. 1238, 1240 (E.D. Tenn. 1969) (since plaintiff had prior right to sue for wrongful death, he had the right to compromise the claim and the compromise is binding on other beneficiaries); *Cummins v. Woody*, 152 S.W.2d 246, 248 (Tenn. 1941) (because the father of the deceased child could have instituted a wrongful death lawsuit in his own name, he was not bound by the compromise agreed to by the administrator of the child's estate).[10] Further, as previously stated, forcing the movants to defer to Sawyers to litigate their equally-held claims impairs their interests in this litigation, and compels a finding that those interests are inadequately represented. Considering that the Sixth Circuit has directed that requests for intervention be treated liberally, along with the minimal standards for determining impairment of interest and inadequate representation, the Court finds the motion to intervene of right is properly granted.

Having determined that intervention is appropriate under Rule 24(a)(2), it is not necessary to address whether the movants should be granted permissive intervention under Rule 24(b)(2). Nevertheless, should there be any disagreement that the movants may intervene of right, the Court also finds permissive intervention is warranted.

---

[10] The Court also notes that, in *O'Neal*, 403 F. Supp. at 1116-17, and *Cummins*, 152 S.W.2d at 247, both of which are cases in which the beneficiaries could have brought the wrongful death action in their own name, the beneficiaries were permitted to intervene as a party plaintiff, further supporting the movants' intervention of right in this case.

### B. Permissive Intervention

Permissive intervention is governed by Rule 24(b)(1), which provides that, "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In deciding whether to allow a party to intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is within the sound discretion of the court. *Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020) (citation omitted).

As stated, there is no dispute that the motion to intervene is timely. Nor is there any contest that there are common questions of law and fact among the Sawyers' claims and those of the movants. The Court is unpersuaded by Sawyers' contentions that intervention will necessarily impede or complicate this case. This case is in relatively early stages. The period for discovery does not expire until March 31, 2020. *See* Initial Case Management Order at Docket No. 13. At the time of filing of the motion to intervene, the deadline for filing motions to amend or to add parties had not yet expired. *Id.*

Perhaps most compellingly, Sawyers recently amended her complaint to add additional parties. The mere filing of this motion suggests that the entry of these additional parties into this litigation will not cause undue delay, prejudice, or otherwise impede this case. Administratively, there is very little difference between adding additional defendants and permitting the movants to intervene. Additionally, Atlas Logistics (the original defendant) does not oppose the intervention.

Sawyers also suggests that "[a]dding additional parties with similar interests … will slow down scheduling and make it difficult to advance litigation. Allowing intervention will also result in accumulating proofs [sic] and arguments of the same nature without assisting the Court." (Docket No. 23 at 8.) The Court has plenty of experience with complex litigation, including with multiple parties on both sides, sometimes asserting the same interests and sometimes with separate counsel. The Court is confident that it can effectively manage this litigation.[11] The Court finds no undue delay and no prejudice to adjudication of Sawyers' (or any other original party's) rights that will result from the movants' intervention. For all these reasons, even in the absence of intervention of right, permissive intervention is warranted.

### III. CONCLUSION

For all the reasons discussed above, the Court granted the movants' motion to intervene by order that was separately entered. (*See* Docket No. 27.)

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[11] Of course, the Court also expects that the parties and their attorneys will cooperatively do so.